STATE OF LOUISIANA          *        NO. 2019-KA-0248

VERSUS                   *

                             COURT OF APPEAL

BREYIANA BROWN        *

                             FOURTH CIRCUIT

                   *

                             STATE OF LOUISIANA

                 * * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 531-281, SECTION "E"
Honorable Keva M. Landrum-Johnson, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
**ON REMAND FROM THE LOUISIANA SUPREME COURT**

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy
Cossich Lobrano)

**LOBRANO, J., CONCURS IN THE RESULT.**

G. Benjamin Cohen
Cormac S. Boyle
THE PROMISE OF JUSTICE INITIATIVE
1024 Elysian Fields Avenue
New Orleans, LA 70117

       COUNSEL FOR DEFENDANT/APPELLANT

Donna Andrieu
Irena Zajickova
ASSISTANT DISTRIC ATTORNEY
Leon Cannizzaro
DISTRICT ATTORNEY
 ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

       COUNSEL FOR THE STATE OF LOUISIANA/APPELLEE

                      **VACATED AND REMANDED**
                      **OCTOBER 14, 2020**

RLB

DLD

This matter is on remand from the Louisiana Supreme Court pursuant to the United States Supreme Court's recent decision in *Ramos v. Louisiana*, 590 U.S. — —, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020) (holding that jury verdicts in state felony trials must be unanimous). *State v. Brown*, 19-KA-0248, 2020 WL 1056803 (La. App. 4 Cir. 03/04/2020), *writ granted in part*, 20-K-0442, 2020 WL 5904879 (La. 10/06/20). For the reasons that follow, we vacate Breyiana Brown's manslaughter conviction and remand for further proceedings.

**RELEVANT FACTS AND PROCEDURAL HISTORY**

Defendant, Breyiana Brown, was convicted of manslaughter by a non-unanimous jury.[1] This Court affirmed her manslaughter conviction. *See State v. Brown*, 19-KA-0248, 2020 WL 1056803, at *8 (La. App. 4 Cir. 03/04/2020). Defendant sought review by the Louisiana Supreme Court. During the pendency of her writ application, the United States Supreme Court issued its ruling in *Ramos*. Thereafter, the Louisiana Supreme Court granted Defendant's writ application specifically regarding the issue of the non-unanimous manslaughter verdict.

---

[1] Defendant was also convicted of obstruction of justice, possession with the intent to distribute and illegal possession of a stolen firearm by a unanimous jury. Those convictions are now final and not the subject of this remand.

1

*Brown*, 19-KA-0248, 2020 WL 1056803 (La. App. 4 Cir. 03/04/2020), *writ granted in part*, 20-K-0442, 2020 WL 5904879 (La. 10/06/20).

**DISCUSSION**

On appeal, one of Defendant's assignments of error challenged the constitutionality of her manslaughter conviction by a non-unanimous jury verdict. Under *Ramos*, jury verdicts for felony convictions must be unanimous. *Ramos v. Louisiana*, 590 U.S. ——, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). Since Defendant's case was pending on direct review when *Ramos* was decided, the United States Supreme Court's decision is applicable. *See Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme Court] results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"). Therefore, because Defendant's conviction was based on a non-unanimous jury verdict, her manslaughter conviction is vacated.

**CONCLUSION**

For the foregoing reasons, Defendant's manslaughter conviction is vacated and the matter remanded for further proceedings.

**VACATED AND REMANDED**